IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WILLIAM BANGS AND MARLENE BANGS, )
           )
    Plaintiffs,  ) No. 6:12-cv-1543-AA
           )
    v.     ) OPINION and ORDER
           )
QUALITY LOAN SERVICES CORPORATION, )
OF WASHINGTON, a Washington )
corporation, BAYVIEW LOAN )
SERVICING, LLC, a Washington )
corporation,     )
           )
    Defendants. )
_____)

AIKEN, Chief Judge:

Plaintiffs bring this suit alleging that defendant Quality Loan Servicing[1] has not complied with foreclosure laws. Defendant moves to dismiss.

Plaintiffs allege that they obtained a loan from New Freedom Mortgage Corporation and signed a deed of trust to secure the mortgage loan. The trust deed listed Mortgage Electronic Registration Systems (MERS) as the beneficiary under the deed.

Plaintiffs defaulted on the loan. Plaintiffs attempted to modify the loan, but were aver that they were unsure who serviced

_____

[1]Defendant Bayview Loan Servicing has been dismissed from this case.

1 - OPINION AND ORDER

the loan.   Plaintiffs allege that after several attempts to get a response to a qualified written request, the loan was transferred to defendant Quality Loan who issued documents setting a foreclosure sale on September 5, 2012.

Plaintiffs allege that MERS is not a proper beneficiary under the deed of trust and that its purported assignment in July of 2011 to BAC Home Loan Servicing was improper.   Plaintiff's further allege that the original lender never recorded an assignment of its interest in the deed.   Consequently, plaintiffs assert that a non-judicial foreclosure cannot occur without proper recording of all assignments of an interest in the deed of trust.   Plaintiffs seek a declaration that defendant has not complied with the Oregon Trust Deed Act and an injunction prohibiting non-judicial foreclosure proceedings.

Defendant asserts that it has voluntarily elected not to pursue a non-judicial sale.   Accordingly, defendant moves to dismiss contending that plaintiffs' complaint is now moot.

Defendant points to public records[2] demonstrating that it has rescinded the non-judicial foreclosure proceeding that plaintiffs challenge.   In light of the rescission of the notice of default and election to sell, defendant cannot proceed with the proposed non-

---

[2]Defendant asks the court to take judicial notice of the notice of default and election to sell and the rescission of that notice in the official records of Benton County.   These documents are properly subject to judicial notice and defendant's request is granted.

2 - OPINION AND ORDER

judicial foreclosure.  Defendant asserts that it will now proceed with a judicial foreclosure.  Moreover, even if defendant decided to restart a non-judicial foreclosure, it would have to record a new notice of default and provide a new notice of sale under the Oregon Trust Deed Act, which is a theoretical possibility not before the court.  Nonetheless, the beneficiary of the deed of trust has stated on the record its intention not to restart a non-judicial foreclosure and is therefore estopped from pursuing a non-judicial foreclosure.

Federal courts are courts of limited jurisdiction. Jurisdiction is limited to actual cases or controversies.  See Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086-87 (9th Cir. 2011). A case or controversy requires "that an actual, ongoing controversy exist at all stages of federal court proceedings." Id. at 1086. (internal citation omitted).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 190 (2000). Defendant's voluntary action may result in a moot claim when: (1) there is no reasonable expectation that the alleged violation will recur; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."

3 - OPINION AND ORDER

<u>Smith v. Univ. of Washington</u>, 233 F.3d 1188, 1194 (9th Cir. 2000) (internal citation omitted).

Because the non-judicial foreclosure plaintiffs seek to enjoin is no longer possible due to defendant's voluntary decision to rescind the notice of default and election to sell and pursue a judicial foreclosure, the case has become moot.

Because the case is moot, plaintiffs' claim for attorney fees, under O.R.S. § 20.096, should they prevail, is similarly moot. However, the court, in its discretion, may award just costs.

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

28 U.S.C. § 1919.

> In determining "just costs" under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances. An emphasis on a "case-by-case approach" based on "the circumstances and equities of each case" is in keeping with a court's discretion to award costs, "a practice long recognized in equity." 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2668, at 230-31 (3d ed. 1998) (discussing discretionary nature of Rule 54(d)); see also Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., 179 F.R.D. 328, 334 (N.D.Ala.1998) (the "broad discretion" allowed to trial courts in awarding costs "encourages this court to exercise its discretion as to what are 'just costs' under the totality of circumstances"). Although "just costs" is a unitary standard, it involves a two step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs.

<u>Otay Land Co. v. United Enterprises Ltd.</u>, 672 F.3d 1152, 1157 (9th Cir. 2012).

The court has already expressed its opinion that plaintiffs'
claims bore a strong likelihood of success via granting preliminary
relief.  But, the failure to follow the recording requirements of
of the Oregon Trust Deed Act would not negate the fact that
plaintiffs are in default on their loan.  Still, the complaint
demonstrates why proper recording is important given that
plaintiffs' attempts to modify the loan were allegedly thwarted by
the confusion created by transferring the underlying loan to other
entities while MERS, who had no financial interest in the loan,
maintained its role as a nominal beneficiary of the deed of trust.
When the loan and the deed of trust are split in such a manner, it
becomes difficult for the mortgagor to negotiate a modification
that is beneficial to the real parties who hold a financial
interest in seeing that the mortgage is paid.

However, the law regarding the requirements of the Oregon
Trust Deed Act has been evolving in this state and the most recent
statement from the Oregon courts came on July 18, 2012.  See Niday
v. GMAC Mortg., LLC, 251 Or. App. 278 (2102) (Issues of first
impression that MERS is not a beneficiary and assignment of
promissory note requires recording decided July 18, 2012).[3]

_____

[3]On September 27, 2012, the Oregon Supreme Court allowed a
petition for review in Niday. See Niday v. GMAC, S060655. Thus,
even now, Niday, is not the final statement on Oregon law.  In
addition, the Oregon Supreme Court has accepted the questions
certified by this judge on issues similar to the ones presented by
this case, on July 19, 2012. See Brandrup v. Recontrust Co., N.A.,
(continued...)

Although this predates the filing of the complaint in this case, it does not predate the recording of the notice of default and election to sell which occurred on April 23, 2012. While it could be argued that plaintiffs incurred expenses necessitated by defendant's failure to rescind the notice until after the filing of the complaint and after the granting of temporary relief,[4] under the totality of the circumstances, the court declines to award costs and certainly attorney's fees under section 1919.

CONCLUSION

For the reasons stated above, defendant's request for judicial notice (#19) and motion to dismiss (#17) are granted and this case is dismissed.

DATED this _____ day of March, 2013.

_____
Ann Aiken
United States District Judge

---

[3](...continued)
3:11-cv-1390-HZ (Certification Order dated April 2, 2012); 352 Or. 320 (2012) (Order Accepting Certified Question). Therefore, the MERS issue remains unsettled.

[4]Defendant voluntarily canceled the sale prior to a hearing on the preliminary injunction after being properly served with the complaint and temporary restraining order.

6 - OPINION AND ORDER